UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SKY VISION, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Randall Jansma, O.D. ("Jansma") who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant Blue Sky Vision, LLC, placed Jansma on a leave of absence because it regarded him as disabled, subjected Jansma to an unlawful

1

medical inquiry, and terminated Jansma's employment because it regarded him as disabled.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1), (3).

4. At all relevant times, Defendant Blue Sky Vision, LLC ("Defendant") has continuously been a Delaware, limited-liability company doing business in the state of Michigan and the city of Grand Rapids, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jansma filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On March 12, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On October 15, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least September 25, 2018, Defendant has engaged in unlawful employment practices at its offices in the Grand Rapids, Michigan area in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112(a) and (d)(4)(A). Defendant violated the ADA by placing Jansma on a leave of absence because it regarded him as having a disability, subjecting Jansma to an unlawful medical inquiry (during his leave of absence), and terminating Jansma's employment because it regarded him as having a disability.

14. Jansma is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). He has an eye condition called homonymous hemianopsia.

15. On June 13, 2018, Jansma began working for Defendant as an optometrist.

16. In September of 2018, Jansma disclosed his eye condition to another employee. Soon thereafter, Defendant contacted Jansma to schedule a meeting.

17. On or around September 25, 2018, Defendant had an in-person meeting with Jansma. During this meeting, Defendant questioned Jansma about his eye condition. Defendant also told Jansma that he should have disclosed his condition sooner. Then, Defendant told Jansma that he could no longer work for Defendant, but it gave him the opportunity to submit a resignation letter.

18. Approximately one week later, in October of 2018, Jansma contacted Defendant and told Defendant that he believed the decision to terminate him was illegal.

19. In response, Defendant postponed Jansma's termination, and placed him on a leave of absence. Then, Defendant requested that Jansma undergo a medical examination by a neuro-ophthalmologist and provided the names of two neuro-ophthalmologist from which Jansma could choose to examine him.

20. Defendant planned to send the neuro-ophthalmologist a letter that included the following questions: (1) "Does Dr. Jansma have a physical or mental impairment. If so, please describe such impairment(s) in detail," and (2) "What is causing Dr. Jansma's impairment?"

21. Defendant also told Jansma to sign a "Authorization of Release of Health Information" ("Medical Release").

22. The Medical Release states, among other things: "A description of the information I authorize for use or disclosure is: All pharmacy records; dental records; any and all records and documents pertaining to any treatment/consultation rendered or performed, including but not limited to: complete in-patient and outpatient hospital records, surgical records, emergency records, rehabilitation records, therapy, lab studies, radiographic films and reports, actual office notes, patient files, narrative reports, billings and medications prescribed and/or filled. This authorization includes alcohol, mental health and substance abuse records, including psychotherapy notes; records protected under the regulations of 42 Code of Federal Regulations, Part 2, if any; HIV and AIDS records, and all records defined by statute and MDPH Rules . . . if any. This authorization also permits oral communications regarding the listed information between agents of BSV and the provider identified in paragraph 2. This authorization includes information prior to

and following the date of this authorization not to exceed the expiration defined in paragraph 3."

23. Jansma told Defendant that both the letter and Medical Release were too broad because they sought information that was unrelated to whether he could perform his job duties with his eye condition.

24. Defendant, however, refused to change the language in either document.

25. Consequently, Jansma refused to sign the Medical Release required by Defendant and declined the medical examination by a neuro-ophthalmologist.

26. Defendant never permitted Jansma to return to work after the meeting held on September 25, 2018.

27. On December 5, 2018, Defendant e-mailed Jansma a termination letter. The termination letter stated Defendant terminated Jansma's employment because he did not sign the Medical Release or submit to the medical evaluation.

28. The effect of the practices complained of above has to been to deprive Jansma of equal employment opportunities and otherwise adversely affect his status as an employee because of an actual or perceived disability.

29. The unlawful employment practices complained of above were intentional.

30.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jansma.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer from requiring medical examinations or making medical inquiries of employees unless such examination or inquiry is job-related and consistent with business necessity.

B.     Grant a permanent injuncting enjoining Defendant Employer from firing employees because of their disabilities.

C.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employer to pay appropriate back wages, in amounts to be determined at trial, and prejudgment interest to Jansma, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

E.     Order Defendant to make make Jansma whole by providing compensation for past and future pecuniary losses resulting from unlawful employment practices complained of above, in amounts to be determined at trial.

F.    Order Defendant Employer to make Jansma whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

G.    Order Defendant Employer to pay Jansma punitive damages for its intentional, malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS

        Associate General Counsel

        KENNTH L. BIRD

        Regional Attorney

        OMAR WEAVER

        Supervisory Trial Attorney

        <u>/s/Karen L. Brooks (IL ARDC# 6285816)</u>
        Trial Attorney – Detroit Field Office
        477 Michigan Avenue, Room 865
        Detroit, Michigan 48226
        (313)226-7597
        Karen.Brooks@eeoc.gov

Dated:  March 30, 2020