# EXHIBIT P

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>BLUE SKY VISION, LLC,<br>Defendant. | Case No. 1:20-cv-285-PLM-RSK<br><br>Honorable Paul L. Maloney<br><br>**EEOC's First Set of Interrogatories Directed Towards Defendant** |

**<u>DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT</u>**

**<u>INTERROGATORY NO. 1</u>**: Identify all persons who prepared or assisted in the preparation of Defendant's responses to these interrogatories and document requests. For each person, please state:

a. His/her official title;
b. His/her business address and telephone number; and



PENGAD 800-631-6989 EXHIBIT #12 Dabrowski 3-11-21

EXHIBIT P

c. Each interrogatory answer and/or document request response the person(s) prepared or assisted in preparing.

**ANSWER**:

1. **Catherine Tracey; Attorney at Law; 45 Ottawa Ave. SW, Suite 1100, Grand Rapids, MI 49503; 616-831-1792**
2. **Melissa Dabrowski; Former Vice President of Human Resources; 4020 E. Beltline Ave. NE Grand Rapids, MI 49528; 616-588-6574; Answers to Interrogatories Nos. 3(b), 3(c), 4, 5, 6, 7, 8.**
3. **Amy Dunleavy; Director of Clinical Operations; 750 E. Beltline Ave. Grand Rapids, MI 49525; 616-588-65522; Answers to Interrogatory No. 2.**
4. **Phil Vanderlugt; Optometrist; 3300 Walker View Dr. NW, Walker, MI 49544; 616-293-5850; Answers to Interrogatories Nos. 2, 3, 4, 6, 8.**

**INTERROGATORY NO. 2**: In Defendant's Answer at ¶ 16, Defendant states "BSV admits that Jansma disclosed to multiple coworkers that he could not use BSV's computer system because he could not see out half of his vision, and that in September 2018, Jansma disclosed both his diagnosis and his resulting inability to use the computer to another Optometrist. BSV further admits that, in September 2018, BSV contacted Jansma to schedule a meeting. . . . ." With respect to Defendant's answer, state:

a. The identity of the "multiple co-workers" to whom Defendant refers;



EXHIBIT P

b. The dates on which Jansma disclosed such information to the "multiple coworkers";
c. The identity of the Optometrist to whom Jansma disclosed such information; and
d. The date on which BSV contacted Jansma to schedule a meeting.

**ANSWER:**

**a. Sam Peterson and Dr. Phil VanderLugt, D.O.**
**b. The date of Dr. Jansma's disclosure to Sam Peterson is unknown at this time, as Sam Peterson is no longer employed by Defendant BSV. Dr. Jansma's disclosure to Dr. VanderLugt occurred in late September 2018, but the exact date is unknown.**
**c. Dr. Phil Vanderlugt, Optometrist.**
**d. Defendant contacted Dr. Jansma to schedule a meeting on or around September 24, 2018.**

**INTERROGATORY NO. 3**: In Defendant's Answer at ¶ 17, Defendant states that, "on or around September 25, 2018, BSV's then Chief Financial Officer Surya Desiraju and Board Observer Dr. Phil Vanderlugt, D.O. met with Jansma, in person, and discussed Dr. Jansma's serious, ongoing performance issues as well as his homonymous hemianopsia. BSV admits that BSV offered Jansma the opportunity to resign at that meeting…." With respect to Defendant's answer,

a. Provide the address where Defendant met with Dr. Jansma in person on or around September 25, 2018;

b. Identify all persons, other than Surya Desiraju and Phil Vanderlugt, who were present during Defendant's meeting with Dr. Jansma on or around September 25, 2018;

c. Identify all persons with knowledge about the meeting that took place on or around September 25, 2018;

d. State what "serious, ongoing performance issues" Defendant discussed with Dr. Jansma on or around September 25, 2018; and

e. State what Defendant discussed with Dr. Jansma about his "homonymous hemianopsia" on or around September 25, 2018; and

f. State why Defendant "offered Jansma the opportunity to resign" on or around September 25, 2018.

g. Identify all persons who made the decision to give "Jansma the opportunity to resign" on or around September 25, 2018.

**ANSWER:**

**a. Defendant met with Jansma in person on or around September 25, 2028 at 3300 Walker View Dr. NW, Walker, MI 49544.**

**b. No other individuals were present.**

**c. Only Surya Desiraju (Defendant's former Chief Operations Officer), Phil Vanderlugt, and Randall Jansma have personal knowledge about what occurred during the meeting because they were the only attendees.**

**d. Generally speaking and without limitation, Defendant discussed the following "serious, ongoing performance issues" with Dr. Jansma on or around September 25, 2018: Randall Jansma was rude, demanding, made disparaging comments about patients and staff, and repeatedly demanded a permanent**



EXHIBIT P

**and full-time Scribe after repeatedly being told that Defendant could not provide a Scribe to him.**

e. **Generally speaking and without limitation, as Surya Desiraju and Phil Vanderlugt discussed Randall Jansma's "serious, ongoing performance issues" with Randall Jansma on or around September 25, 2018, Randall Jansma disclosed that he had homonymous hemianopsia and that because of this condition, he had difficulty seeing the computer screen and therefore needed a Scribe. Defendants expressed concern about whether Dr. Jansma could safely perform his job as an Optometrist if his condition prevented him from seeing a computer screen.**

f. **Defendant offered Jansma the opportunity to resign on or around September 25, 2018 because it had become clear that, both culturally and operationally, Dr. Jansma and Blue Sky Vision were not a good fit.**

g. **Surya Desiraju and Phil Vanderlugt made the decision to give Jansma the opportunity to resign on or around September 25, 2018.**

**INTERROGATORY NO. 4**: For each individual identified in response to Interrogatory No. 3(g), describe any and all training he or she received within the last five years related to anti-discrimination policies of Defendant (if any) and/or federal



**EXHIBIT P**

anti-discrimination laws. For each person, include the subject matter and dates of such training.

**<u>ANSWER:</u> Blue Sky Vision provides all employees with its Employee Handbook, which contains its policies on anti-discrimination. Further, on March 5, 2019 Blue Sky Vision provided all providers and leadership anti-harassment training; Phil VanderLugt was among those in attendance. Surya Desiraju was not employed on March 5, 2019 and is no longer employed by Defendant, so any dates he may have received training are unknown at this time.**

**<u>INTERROGATORY NO. 5</u>**: In Defendant's Answer at ¶ 26, Defendant states, "Defendant admits that Jansma was on a paid leave of absence from September 26, 2018 until his termination on December 5, 2018 . . . . ." With respect to Defendant's answer, state:

a. The identity of all persons who made the decision to place Jansma on a paid leave of absence; and
b. The date Defendant decided to place Jansma on a paid leave of absence.

**<u>ANSWER</u>:**

**a. At the September 25, 2018 meeting, Surya Desiraju and Phil Vanderlugt believed that Jansma had decided to resign, so Jansma stopped actively working on September 26, 2018.**

**Because Jansma did not immediately submit his resignation and was still receiving pay, he was effectively on a paid leave of absence at that time, but it was not discussed in those terms. On or about October 5, 2018, after Surya Desiraju and Jansma were unable to reach agreement on the terms of a resignation (including Jansma's proposal that Blue Sky Vision release Jansma from his non-compete), Melissa Dabrowski contacted Jansma to provide two alternatives: (1) resign under terms offered by BSV; or (2) continue employment on leave, pending a medical evaluation to determine whether Jansma could safely perform his job duties. Jansma elected to continue his employment and undergo the medical evaluation. Both Surya Desiraju and Melissa Dabrowski were involved in the decision to offer paid leave pending a medical evaluation if Dr. Jansma decided not to resign.**

b. **See Answer to subparagraph a, above.**

**<u>INTERROGGATORY NO. 6:</u>** For each individual identified in response to Interrogatory No. 5(a), describe any and all training he or she received within the last five years related to anti-discrimination policies of Defendant (if any) and/or federal anti-discrimination laws. For each person, include the subject matter and dates of such training.

**<u>ANSWER:</u> See Answer to Interrogatory No. 4 and 8.**

**INTERROGATORY NO. 7**: Identify all persons who made the decision to terminate Jansma on December 5, 2018.

**ANSWER: Surya Desiraju and Melissa Dabrowski made the decision to terminate Jansma.**

**INTERROGATORY NO. 8:** For each individual identified in response to Interrogatory No. 7, describe any and all training he or she received within the last five years related to anti-discrimination policies of Defendant (if any) and/or federal anti-discrimination laws. For each person, include the subject matter and dates of such training.

**ANSWER:**

a. **See Answer to Interrogatory No. 4.**
b. **Melissa Dabrowski received the following training related to anti-discrimination policies of Defendant and/or federal anti-discrimination laws within the last five years : October 30, 2017: "ADA Disability Accommodation: What is it, and how far does it go?"; "Handling Employee Performance Problems Discovered During Medical Leave." Ms. Dabrowksi also received, and is familiar with, the non-discrimination policies in Blue Sky Vision's Employee Handbook.**

**<u>INTERROGATORY NO. 9</u>**: In Defendant's affirmative defense at ¶ 8, Defendant states "[t]o the extent Defendant discovered information after [Jansma's] separation from employment revealing Jansma engaged in misconduct during his employment with Defendant, and Defendant would have discharged [Jansma] for engaging in the misconduct had Defendant known about it before [Jansma] separated from Defendant, the after-acquired evidence doctrine bars on limits Plaintiff's claims or damages." State with specificity all facts that support this affirmative defense.

**<u>ANSWER</u>: See Defendant's Responses to Plaintiff's First Request for Production of Documents 00117-00274.**

**<u>INTERROGATORY NO. 10</u>**: State the total number of employees working for Defendant in 2018, 2019 and 2020.

**<u>OBJECTION:</u> Defendant objects to Interrogatory No. 10 because the information requested is overly broad, unduly burdensome, not relevant to any party's claim or defense and is not proportional to the needs of the case. Strictly subject to and without waiving this objection, Blue Sky Vision states that it had more than 500 employees working during Plaintiff's employment with Defendant.**

**<u>INTERROGATORY NO. 11</u>**: With respect to Defendant's financial information:

a. state the dollar amount of Defendant's year-end gross revenue in 2018, 2019 and 2020;



**EXHIBIT P**

b. state Defendant's year-end profits (gross and net) in 2018, 2019 and 2020;

c. state the fair market value of Defendant's assets in 2018, 2019 and 2020;

d. identify any and all documents that support these figures; and

e. identify the individual(s) who can testify to the figures in 11a., 11b., and 11c.

**OBJECTION: Defendant BSV objects to Interrogatory No. 11 because the information requested is not relevant to any party's claim or defense and is not proportional to the needs of the case.**

Respectfully submitted,

MILLER JOHNSON

Attorneys for Defendant Blue Sky Vision, LLC

Dated: February 26, 2021

By *__/s/ Catherine A. Tracey__*

Catherine A. Tracey (P63161)
45 Ottawa Ave. SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
traceyc@millerjohnson.com





**EXHIBIT P**