# EXHIBIT S

VP of Human Resources

Blue Sky VISION

4020 East Beltline Ave NE
Grand Rapids, MI 49525

Office 616.588.6574
Mobile 989.492.4906

**From:** Melissa Dabrowski
**Sent:** Wednesday, October 24, 2018 4:48 PM
**To:** 'RANDY JANSMA' <doc2020@comcast.net>
**Subject:** RE: Letter / Release

EXHIBIT #10 Dabrowski 3-11-21 PENGAD 800-631-6989

Dr. Jansma:

Thank you for your follow up email, though I disagree that "the terms of the situation have changed markedly." As Surya Desiraju and Dr. VanderLugt shared with you at the initial meeting, Blue Sky Vision has concerns about your work performance as well as your ability to safely perform your job duties, with or without reasonable accommodation, due to your homonymous hemianopia. You were given the opportunity to resign, and as part of that discussion, you asked whether Blue Sky would lift the restrictive covenants in your employment agreement so that you could practice elsewhere. Surya promised to discuss that issue with the management team, which he did. However, he was told that the restrictive covenants should not be lifted.

During the meeting with Surya and Dr. VanderLugt, when they expressed concern about the impact your homonymous hemianopia may have on patient safety, you shared your belief that you could safely perform your job duties, despite your eye condition. The reason for the medical evaluation was to determine whether you were correct, but in the meantime, because the nature of your condition created patient safety concerns, you have been on a leave of absence. The medical evaluation has always been the tool that would enable you to return to work, as long as one of the specialist you were given to choose from confirms that you can safely perform your job duties, with or without reasonable accommodation. I apologize if that was not sufficiently clear to you, but that has always been the case.

I also want to make it clear that Blue Sky is not interested in any medical information about you beyond whether the nature and extent of your homonymous hemianopia prevents you from safely performing

your job duties. If you are deemed safe to return to work, with or without reasonable accommodations, you may return and will not be subjected to a hostile environment.

Finally, while I appreciate that you have selected Dr. Glisson and we will honor any reasonable scheduling requests in setting an appointment, moving forward with the medical examination is not dependent upon your meeting with the EEOC. We will expect you to cooperate and make yourself available for the evaluation at the earliest opportunity. I will work on scheduling an appointment with Dr. Glisson, at Blue Sky's expense.

Regards,

Melissa Dabrowski
VP of Human Resources

Blue Sky VISION

4020 East Beltline Ave NE
Grand Rapids, MI 49525

Office 616.588.6574
Mobile 989.492.4906

**From:** RANDY JANSMA [mailto:doc2020@comcast.net]
**Sent:** Wednesday, October 24, 2018 1:55 PM
**To:** Melissa Dabrowski <mdabrowski@BlueSkyVision.com>
**Subject:** RE: Letter / Release

Melissa,

As I stated in my last email, the terms of this situation have changed markedly since Blue Sky Vision first requested my resignation on 09/25/18. At that time, I was offered the balance of my salary, and the restrictive covenants would be lifted entirely, if I resigned. I was told it would be in my best interest to resign by Dr, Phil Vander Lugt, and Surya Desiraju, of course this is not true.

When the subject of testing was introduced there was no talk of my returning to work- none whatsoever!

So for you to indicate that now, and to express concern, is quite heartening, but I greet it with a healthy dose of skepticism, since Blue Sky's intent all along was to get me to resign.

The testing Blue Sky has proposed is overreaching in its scope. It seeks to delve into my entire medical history, which is an invasion of my privacy. Only history germane to my condition may be accessed.

My examination also seeks to make sure I NEVER MISS ANYTHING when I examine a patient. While I always strive for that, only God is perfect. The rest of us can only try. Blue Sky certainly doesn't expect that from their other staff doctors.

In addition, Blue Sky would like to weigh in on any future employment I would seek. This is preposterous! It is none of Blue Sky's business who I work for if I am no longer in their employ, and they will have no say in the matter.

The issues I have listed above, as well as Blue Sky's intent if I am deemed fit to practice, with or without accommodation, need to be set forth before I agree to, and have testing performed. In other words, I need to know the outcome if I am deemed fit to practice. Will I remain employed, as a practicing optometrist, with Blue Sky Vision, LLC, in a non-hostile work environment that accommodates me?

This needs to be set forth in writing. If that is the case, I select Dr. Glisson to examine me. I will set the appointment. It will occur after my meeting with the EEOC, which should occur during the next 2-4 weeks.

Best,

Dr. Randy Jansma



**EXHIBIT S**