# EXHIBIT X

6165886516 Grand Rapids Ophthalmology 04:29:32 p.m. 11-05-2018 1/1
11/19/2015 16:13 #617 P.002/002

MERCY HEALTH
HAUENSTEIN NEUROSCIENCES

220 Cherry Street SE
Grand Rapids, MI 49503
Phone: 616-685-5050 / Toll Free: 877-702-5050
Neuroscience Fax: 616-685-8980

## CONSULT REQUEST

___ Alzheimer's ___ Epilepsy ___ General Neurology ___ Neurosurgery X NeuroOphthalmology ___ MDA
___ Parkinson's ___ Spine Clinic ___ Multiple Sclerosis ___ Stroke ___ NeuroPsychology ___ ALS

** *Please Fax with Form*: **Patient Demographic sheet, Current Insurance Information and Copy of Insurance Card, Medication List, Physician Notes, and Diagnostic Tests. Failure to attach all of the proper information will result in a delay of processing for an appointment.**

Date: 11/5/18 Patient Name: Randall Jansma DOB: [redacted] 1953
Address: 3504 Earle Ave SW Grandville MI 49418 Phone: 616-550-0900 Sex: (Male)/Female
Emergency Contact: ________ Relationship: ________ Phone: ________

Referring Physician: Yosef Gindzin MD Phone: 616-949-2600
Person Referring: ________ Fax: 616-588-6516
Primary Care Physician: Karl O. Breitweiser DO Phone: 616-252-8600

Primary Insurance: Priority Health HMO-HAP Policy Number: 948738010-00
Policy Holder, Relationship and DOB (if different than patient):

________

Secondary Insurance: ________

Case Worker or Claim Rep Name, Claim Number and Contact Information *(Work Comp/Auto ONLY)*

________

**Reason for Referral:** Homonymous hemianopsia
ROUTINE REFERRAL: ______ **URGENT REFERRAL:** X

There are no additional chart notes to send with this referral

PHYSICIAN OF CHOICE: Glisson

| Testing | Date Done | Location | Testing | Date Done | Location |
|---|---|---|---|---|---|
| MRI | | | DBS | | |
| CT | | | VNS | | |
| EEG | | | X-Rays | | |
| EMG | | | Injections | | |
| Physical Therapy | | | Other | | |

**Patient needs to bring CD of tests if done other than at Mercy Health Saint Mary's**

**OFFICE USE ONLY:**
**Appointment Date and Time:** ________

GR96701-018 /form updated 06/09/2014 everyone>neuro>forms>neuroscience program

11/05/2018 4:31PM (GMT-05:00)

GLISSON0001

**EXHIBIT X**

History

| Date / Time | Action | Action By | Status | Priority | Assigned To | Action Note |
|---|---|---|---|---|---|---|
| 11-06-2018 11:14 AM | Document manually added | mmikulich | DATAENTRY | | mmikulich | Image attached (pin to top) |
| 11-06-2018 11:15 AM | Data Entry Completed | mmikulich | REVIEW | | neuroophthrefout | |
| 11-06-2018 11:15 AM | | mmikulich | REVIEW | | neuroophthrefin | |
| 11-08-2018 6:26 AM | | mcortes13 | REVIEW | Y | cglisson | Marked urgent. Please review and advise. Thank you! (pin to top) |
| 11-09-2018 8:21 AM | | rsantos19 | REVIEW | Y | mcortes13 | Please obtain notes to determine urgency of referral. Thanks! (pin to top) |
| 11-09-2018 9:40 AM | | mcortes13 | REVIEW | Y | chavens2 | Please call the office and follow up with more notes on patient or where to obtain notes. Dr. Santos needs more notes in order to determine urgency of referral. ( pin to top) |
| 11-09-2018 10:49 AM | | chavens2 | REVIEW | Y | mcortes13 | called, this office, who sent this referal, DR Gindsin last seen this patient in 2015? they can not find this patient in there system (pin to top) |
| 11-09-2018 10:51 AM | | mcortes13 | REVIEW | Y | rsantos19 | |
| 11-09-2018 12:55 PM | | chavens2 | REVIEW | Y | rsantos19 | called the PCP, lvm asking for notes, called Dr Gindzins office back, spoke to ruth the nurse, she could find nothing, on (DR Jansma) she will call Dr Gindzin and see what she can find out and call me back, (pin to top) |
| 11-13-2018 10:02 AM | | chavens2 | REVIEW | Y | mcortes13 | Melisa, from Blue sky vision is calling, they are the ones requesting this patient see dr Glisson, to see if he is still fit to see patients? her number is 616-588-6574 (pin to top) |



EXHIBIT X

| | | | | | | |
|---|---|---|---|---|---|---|
| 11-13-2018 11:16 AM | | mcortes13 | REVIEW | Y | dsullivan36 | Dylan please follow up on this and how we need to proceed forward. Office has no clinic notes and wants a form to be filled out after the patient is seen. The office needs to pay a fee for this? Please follow up with Melissa from BSV and Dr. Glisson. Thank you (pin to top) |
| 11-16-2018 1:21 PM | | dsullivan36 | REVIEW | Y | dsullivan36 | Called Melissa on Wed 11/14 and LVM. Called melissa again on 11-16 and LVM so am waiting to get claification on the request as we need more info in order to procedd since no office notes can be provided. Will wait to hear back from Melissa at Blue sky vision (pin to top) |
| 11-19-2018 11:35 AM | | dsullivan36 | REVIEW | Y | cglisson | I spoke with Melissa, Potential patient is a doctor himself and has been having some vision issues. The company he works for wants him to have a determination made if he is still fit to practice as a provider knowing vision issues are occuring. Pt has some vision notes that we would work on getting but my question would be is this somehting we would schedule a new patient visit for or is this more like an IME?? I know you have not been doing recently so Please let me know how you would like to proceed with this info and if we are to schedule him in clinic we will definetely do so. Also please note that in the patients chart the is the request for medical or disability condition questionaire can be found which may help to to determine the answer of how to proceed (pin to top) |
| 11-19-2018 6:16 PM | | cglisson | REVIEW | Y | cglisson | I would suggest that this evaluation start with general ophthalmology, with request for us to evaluate if there is suspicion of a neuro-ophthalmic issue. This may have already been done, but without records to review it is impossible to make a determination. |
| 11-19-2018 6:17 PM | | cglisson | REVIEW | Y | dsullivan36 | |
| 11-21-2018 9:03 AM | | dsullivan36 | REVIEW | Y | dsullivan36 | LVM with Melissa, giving her Dr. Glisson's recoomendation. Waiting to hear if a general ophthalmology visit has taken place then we can decide form there (pin to top) |
| 11-26-2018 3:36 PM | | dsullivan36 | REVIEW | Y | dsullivan36 | Melissa called back and left me a voicemaill asking if pt should get out side eye doctor notes. I called back and let her know to have the other eye notes to sent to our fax at 616-685-8925 with ATTN Dylan. Once received i will have dr glisson review. If pt has not seen regular eye doctor they have been directed to start there being seeing us in neuro op (pin to top) |
| 01-08-2019 2:00 PM | Close - Close this document | dsullivan36 | CLOSED | Y | | Have left multiple mesages with no response back so I will be closing referral. The last time i did talk with Meliss she was think pt would go elsewhere (pin to top) |



EXHIBIT X

**referral letter** in **CLOSED** to **nobody** #52568757 VIEW ACTIONS

October 29, 2018

Dr. Glisson, D.O.
245 Cherry St SE #204
Grand Rapids, MI 49503

Dear Dr. Glisson:

Dr. Jansma has notified BSV that he has homonymous hemianopia, which has created concerns about whether Dr. Jansma can safely perform his job as an Optometrist, with or without reasonable accommodation.

In order to appropriately evaluate and respond to this issue, we need more information about Dr. Jansma's impairment(s) and whether he can perform his job with or without any accommodation.

To assist you in responding to the questions below, we have attached a list of the essential functions of Dr. Jansma's position. Specifically, is he able to thoroughly exam the eye to find pathology, including seeing the entire surface and internal structures of the eye without missing areas of concern which can lead to irreversible loss of vision or missing systemic diseases that could be diagnosed based on ocular findings. We want to be sure that Dr. Jansma is not placed in a job position that he is unable to perform and/or that could place patients or others at risk. Please note that the attached list is specific to Dr. Jansma's current job at BSV. In the event that he seeks a different position, BSV will likely ask you to provide an opinion with regard to that particular position.

Please answer the below questions. We have enclosed a release signed by Dr. Jansma giving you permission to respond directly to BSV.

1. Does Dr. Jansma have a physical or mental impairment? If so, please describe such impairment(s) in detail.

2. What is causing Dr. Jansma's impairment?

3. Do you expect that impairment to change for the worse or for the better? If so, please explain how it might change and the expected timeframe for that change to occur.

4. Using the attached list, can Dr. Jansma perform the essential functions of his job?

5. If Dr. Jansma cannot perform one or more of his essential job functions, is there a reasonable accommodation that would allow him to perform the function? Note that a continuous leave of absence might be a reasonable accommodation in some circumstances but that permission to have unreliable and unpredictable attendance is generally not. Please answer with regard to each job function separately, identifying the proposed accommodation and how that accommodation will assist Dr. Jansma.

6. How long do you expect that Dr. Jansma will need each accommodation?

7. Do you expect that the needed accommodation(s) will change? If so, what is the expected time frame?

8. Is Dr. Jansma currently able to safely perform each of the job functions in the attached list?

9. Is there a significant risk that any of the job functions in the attached list could cause substantial harm to Dr. Jansma or others? If so, please explain.

## AUTHORIZATION FOR RELEASE

## OF HEALTH INFORMATION

1. Individual's Name: Dr. Randall Jansma
Date of Birth: 03/19/1953

2. I authorize ____________________ to release or disclose health information (as disclosed below) of the above named individual to: Blue Sky Vision ("BSV").

3. This authorization is made in accordance with federal and state law and is valid for twelve (12) months after being signed or at the conclusion of this legal action, which is either pending or contemplated, whichever occurs later.

4. I understand that I may revoke this authorization at any time by sending a written revocation to the provider listed in paragraph 2, except to the extent that action has already been taken in reliance on this authorization.

5. I understand that once information is used or disclosed pursuant to this authorization, it may be subject to re-disclosure or release by BSV and may no longer be protected by federal or state law.

6. A description of the information I authorize for use or disclosure is: All pharmacy records; dental records; any and all records and documents pertaining to any treatment/consultation rendered or performed, including but not limited to: complete in-patient and outpatient hospital records, surgical records, emergency room records, rehabilitation records, therapy, lab studies, radiographic films and reports, actual office notes, patient files, narrative reports, billings, and medications prescribed and/or filled. This authorization includes alcohol, mental health and substance abuse records, including psychotherapy notes; records protected under the regulations of 42 Code of Federal Regulations, Part 2, if any; HIV and AIDS records, and all records defined by statute and MDPH Rules (Public Act 174, 1989), if any. This authorization also permits oral communications regarding the listed information between agents of BSV and the provider identified in paragraph 2. This authorization includes information prior to and following the date of this authorization not to exceed the expiration defined in paragraph 3.

7. I understand that my continued or future treatment by or payment to the provider listed in paragraph 2 is not conditioned upon my providing or signing this authorization.

9. A photo static copy of this authorization is as valid as the original.

10. I have been provided a copy of this authorization.

Dated: ____________, 2018 ______________________________

EXHIBIT X

10. Is there an accommodation that could eliminate or reduce the risk of harm to Dr. Jansma or others? If so, please explain.

Should you have any questions or need any additional information, please feel free to contact me. Please send your response directly to my attention at BSV.

Sincerely,

*Melissa Dabrowski*

Melissa Dabrowski
VP of Human Resources

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Equal Employment Opportunity Commission
*Plaintiff*
v.
Blue Sky Vision, LLC
*Defendant*

Civil Action No. 1:20-cv-00285-PLM RSK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Christopher Glisson

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: | Date and Time: |
|---|---|
| Fortz Legal<br>25 Division Ave S Ste 325, Grand Rapids, MI 49503 | March 25, 2021 at 3:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/5/2021

*CLERK OF COURT*

OR Karen L. Brooks

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States Equal Employment Opportunity Commission, who issues or requests this subpoena, are:

Karen L. Brooks, 477 Michigan Avenue Detroit, Michigan 48226; karen.brooks@eeoc.gov; (313) 226 7597

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT X

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT X**

**EXHIBIT A**

**DOCUMENTS REQUIRED TO BE PRODUCED**

1. All records and documents, including emails and notes, pertaining to Dr. Randall Jansma.

2. All documents, including emails, that concern both Dr. Randall Jansma and Blue Sky Vision, LLC.



**EXHIBIT X**